**Thomas E. SCHERER, Plaintiff–Appellant,**

v.

**The MISSION BANK, Defendant–Appellee.**

**No. 01–3221.**

United States Court of Appeals, Tenth Circuit.

May 1, 2002.

Before HENRY, ANDERSON, and LUCERO, Circuit Judges.

_____

## ORDER AND JUDGMENT [*]

LUCERO, Circuit Judge.

Plaintiff-appellant Thomas Scherer appeals the district court's order dismissing his complaint for failure to state a claim on which relief may be granted. Accepting all allegations in the complaint as true, we review the district court's dismissal de novo under Fed.R.Civ.P. 12(b)(6), *see Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir.1999), and we affirm.

Plaintiff applied for an automobile loan with Mission Bank. It is uncontested that the bank did not consider plaintiff's disability[1] in processing his loan application and that the bank denied plaintiff a loan because of his poor credit history. Alleging Mission Bank violated the Americans with Disabilities Act ("ADA") and the Fair Housing Act ("FHA"), plaintiff filed a complaint against Mission Bank.

The relevant section of the FHA only applies to "residential real estate-related transactions," defined to include the making or purchasing of loans secured by residential real estate. 42 U.S.C. § 3605(b)(1)(B). When plaintiff applied for the automobile loan he was provided with a mortgage disclosure document, which he argues indicates that he was in fact applying for a home equity loan. Because plaintiff is proceeding pro se, we will construe his complaint liberally to include an allegation that he was applying for a home equity loan. *See Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

█ Plaintiff contends that Mission Bank violated the ADA and the FHA when it failed to make an "individualized inquiry" into his disability as part of the loan application process, and thus failed to "modify its policies, practices and procedures" in considering his application. (Appellant's Br. at 8.) In *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 483, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999), the Supreme Court stated that "whether a person has a disability under the ADA is an individualized inquiry." However, this language addresses whether an individual has a disability under the ADA, not how a disability should be accommodated, which is the ba-

_____

[*] The case is unanimously submitted without oral argument pursuant to Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The Court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1. Plaintiff incorporates sealed and certified records provided to this Court in a previous appeal, *Scherer v. G.E. Capital Corp.*, No. 99–3239, 2000 WL 377474, at *1 (10th Cir. Apr.12, 2000), to prove that he is disabled within the meaning of the ADA. (Appellant's

Br. at 7.) Plaintiff states that these records include a determination by an administrative law judge that he "is in fact a disabled individual and has a history of treatment for that impairment and has substantial limitations in major life." (*Id.*) This Court examined these records during the 2000 appeal and concluded that plaintiff is not a disabled individual under the definitions set forth in the ADA, *Scherer*, 2000 WL 377474 at *1. However because the district court found plaintiff's complaint deficient for other reasons, it did not address whether plaintiff had alleged a disability within the meaning of the ADA. (R. Doc. 26 at 4 n. 3.) Consequently, we do not address that issue in this appeal.

sis of plaintiff's argument. While plaintiff argues that Mission Bank was obligated to treat him differently in the loan application process because of his disability, he has not demonstrated that the ADA requires such, nor has he indicated how the bank should have accommodated his disability, except to make a general statement that the bank should have modified its policies, practices, and procedures. Consequently we agree with the district court that the *Sutton* language "cannot be reasonably extended to require banks to conduct a different inquiry for loan applicants who are disabled," (R. Doc. 26 at 4), and therefore plaintiff has failed to state a claim for relief under the ADA.

Under the FHA it is "unlawful for any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of ... handicap." 42 U.S.C. § 3605(a). In order for plaintiff to state a claim under the FHA, he has to allege that (1) he was part of a protected class; (2) he attempted to enter into a "real estate-related transaction" with defendant and met all relevant qualifications for doing so; (3) defendant refused to transact business with him despite his qualifications; and (4) defendant continued to do business with other parties with the same qualifications. *Mich. Protection & Advocacy Serv., Inc. v. Babin*, 18 F.3d 337, 346 (6th Cir.1994). Because plaintiff's poor credit history precludes him from meeting all of the bank's relevant qualifications for a loan, he has failed to state a claim for relief under the FHA.

Claims of retaliation were brought to the attention of the district court in letters to the court, and were consequently not properly before the court. Nevertheless, plaintiff contends that the district court erred in not addressing these claims. Plaintiff did not seek leave to amend his complaint and cannot raise those issues for consideration on appeal at this time. *Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir.1992). The same fate applies to plaintiff's contention that granting the bank's motion to dismiss denied him due process and his query as to whether there is a circuit split in interpreting Fed. R.Civ.P. 7(a) to require a mandatory answer. This rule states that "[t]here shall be a complaint and an answer." Fed. R.Civ.P. 7(a). Neither of these issues appear to have been raised in the district court and will not be addressed here.

Because of our disposition of plaintiff's ADA claim, it is unnecessary to discuss plaintiff's argument regarding alternative forms of relief, other than injunctions, available under the ADA. Finally, plaintiff's contention that a court cannot grant a dismissal when the factual allegations of the complaint are true is without merit.

The judgment of the district court is AFFIRMED.